PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 09 2006

at ___ o'clock and ___ min ___
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: BEATRICE FANENE          Case Number: CR 00-00112SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 4/9/2001

Original Offense:   <u>Counts 3 and 5</u>: Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. § 860, Class B felonies

<u>Count 4</u>: Aiding and Abetting the Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. § 860 and 18 U.S.C. § 2, a Class B felony

Original Sentence:   Twelve (12) months and 1 day imprisonment as to each of Counts 3, 4, and 5 of the Indictment, to be served concurrently with each other, and 6 years supervised release as to each of Counts 3, 4, and 5 of the Indictment, to be served concurrently, with the following special conditions:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; 4) Without the prior approval of the Probation Office, the defendant shall not enter the geographical area bordered by North King Street, Waiakamilo Road, Dillingham Boulevard, and Kalihi Street, as depicted in the map to be attached to the Judgment; and 5) The defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a

Prob 12B
(7/93)

2

                violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**Modified Sentence:**  On 11/24/2003, the conditions of supervision were modified as follows:  6) That the defendant be placed in Miller Hale, a community corrections center, for not more than 180 days and be released at the discretion and direction of the Probation Office.  The defendant shall participate in the programs at Miller Hale to include employment and job training opportunities.

**Revocation Sentence:**  On 2/11/2004, the defendant's supervised release was revoked for the following violations:  1) admitted smoking methamphetamine; 2) failed to report to the Probation Office; 3) failed to follow the instructions of the Probation Office; 4) failed to notify the Probation Office 10 days prior to a change in residence; 5) failed to participate in mental health counseling; and 6) engaged in conduct constituting Theft in the Third Degree.  The defendant was sentenced to a term of 6 months imprisonment and 66 months supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment; 4) That the defendant be placed in Miller Hale, a community corrections center, for not more than 180 days at the discretion and direction of the Probation Office.  The defendant shall participate in the programs at Miller Hale to include employment and job-training opportunities; and 5) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

**Modified Sentence:**  On 1/25/2003, the conditions of supervision were modified as follows:  4) That the defendant be placed in Mahoney Hale, a community corrections center, for an additional term of 180 days for a total term of not more than 360 days at the discretion and direction of the Probation Office.

Prob 12B
(7/93)

3

Type of Supervision:  Supervised Release     Date Supervision Commenced:  8/6/2004

## PETITIONING THE COURT

[X]     To modify the conditions of supervision as follows:

General Condition:  That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1:  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1.  General Condition | The offender admitted that she smoked methamphetamine on 7/28/2006, 7/29/2006, and 7/30/2006. |

The offender's supervised release commenced on 8/6/2004 and she entered Mahoney Hale on the same day.  She was immediately enrolled in the Drug Addiction Services of Hawaii, Inc. (DASH) for counseling and drug testing.  She completed the counseling portion of the program in February 2005 and completed the one year phase drug testing program in August 2005.  The offender was released from Mahoney Hale on 7/29/2005 and she entered Victory Ohana, a residential living center.

The offender enrolled at Leeward Community College in January 2006 with the assistance of Department of Vocational Rehabilitation and continues with her schooling.  In March 2006, the offender moved out of Victory Ohana to reside with her uncle and aunt, Faavae Maave and Joslyn Goto, in Waipahu.  Up until her relapse, the offender was in compliance with the conditions of supervised release.

On 8/1/2006, this officer met with the offender at Victory Ohana.  She reported that her aunt and uncle asked her to leave their residence because their teenage daughter, whom she was sharing a room with, wanted the room to herself (verified with her aunt, Ms. Goto).  The offender stated that she left their residence on 7/28/2006 and

Prob 12B
(7/93)

4

sought out old acquaintances whom she ended up smoking "ice" with. She admitted that she smoked "ice" on three consecutive days. On 7/30/2006, the offender contacted the director of Victory Ohana, Ms. Loma Bridges, and explained her situation. The offender was accepted back at Victory Ohana.

The offender expressed remorse for the "relapse" and acknowledged that she needed treatment. The offender was referred to the Freedom Recovery Services (FRS) for counseling and drug testing. Further, based on her history of substance abuse, we are requesting the above modification so that the Probation Office could continue to conduct random drug testing upon completion of the substance abuse treatment (Stephens' ruling). Drug testing is the most reliable method of monitoring the offender's drug use.

Despite the violation of drug use, we are not recommending adverse action at this time. The offender was warned that continued noncompliance will lead to adverse Court action. Based on the offender's remorse and her motivation for treatment, we request that the Court modify the conditions as requested.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

MERILEE N. LAU
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 8/7/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[   ]   Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge
AUG 0 7 2006
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

**General Condition:**    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 1:**    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _MERILEE N. LAU_
U.S. Probation Officer

Signed: _BEATRICE FANENE_
Supervised Releasee

Date: 8-3-06